# Exhibit A

**Exhibit A**

1    Jack Perko, SBN 164529
**LAW OFFICES OF JACK PERKO**
2    26895 Aliso Creek Road, Suite B66
Aliso Viejo, CA 92656
3    Phone (949) 390-4442
Fax (949) 916-1039
4
5    Attorney for Plaintiff
David Gamez
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/31/2014** at 02:44:35 PM

Clerk of the Superior Court
By Mary M Johnson, Deputy Clerk

7         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8               **FOR THE COUNTY OF ORANGE**

9
10   DAVID GAMEZ                        )   CASE NO.   30-2014-00763908-CU-WT-CJC
11              Plaintiff,              )
                                        )   **COMPLAINT FOR EMPLOYMENT**
12        vs.                           )   **DISCRIMINATION** Judge David Chaffee
                                        )
13                                      )   1.  Disability Discrimination;
14   REPUBLIC WASTE SERVICES OF         )   2.  Interference with FMLA Rights;
     SOUTHERN CALIFORNIA, LLC,          )   3.  Retaliation;
15   WILLIAM GABRIEL, an individual,    )   4.  Harassment;
     and DOES 1 -25, inclusive,         )   5.  Failure to Prevent Discrimination;
16                                      )   6.  Breach of Implied Contract; and
17                                      )   7.  Breach of Covenant of Good Faith
             Defendants.                )       and Fair Dealing
18                                      )
                                        )   [JURY TRIAL DEMANDED]
19                                      )
20
         Plaintiff, DAVID GAMEZ   (hereinafter "PLAINTIFF") brings this action against
21
     defendants  for  general,  compensatory  and  punitive  damages  resulting  from
22
     Defendants' unlawful and tortious conduct and, as grounds therefore, alleges:
23
                              **PARTIES**
24
         1.    PLAINTIFF is informed and believes and thereon alleges that REPUBLIC
25
     WASTE  SERVICES  OF  SOUTHERN  CALIFORNIA,  LLC  ("DEFENDANT"  or
26
     "REPUBLIC") is a limited liability company doing business in this judicial district at
27
     2731 East Coronado Street, Anaheim, California in the County of Orange.
28

2.     REPUBLIC is in the business of trash collection, disposal, and recycling.

3.     PLAINTIFF is informed and believes and thereon alleges that WILLIAM GABRIEL was at all relevant times herein, a resident of the County of Orange employed by REPUBLIC in a managerial or executive position, with the power to hire and fire, and was acting within the course and scope of such agency and employment in doing the things herein alleged.

4.     At all times material hereto, REPUBLIC was an employer within the meaning of California Government Code §12926(d), and as such was prohibited from discriminating against employees on the basis of disability.

5.     REPUBLIC employs in excess of 50 employees.

6.     At all times material hereto, PLAINTIFF suffered from Type 2 diabetes, a disability within the meaning of Government Code §12926(k)(1)(B).

7.     At all times material hereto, PLAINTIFF was protected by Government Code §12940, which prohibits discrimination and harassment in employment on the basis of disability.

8.     PLAINTIFF is informed and believes and thereon alleges that events relevant to this complaint occurred in the County of Orange, California.

9.     Plaintiff is ignorant of the true names and a capacity of the defendants sued herein as Does 1 - 25, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages alleged herein were proximately caused by these defendants.

10.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, defendants and their agents, employees, and Does 1 - 25 inclusive, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment. To the extent that said conduct and omissions were

1  perpetrated by defendants and their agents, the defendants confirmed and ratified said
2  conduct and omission.

3       11.   Whenever and wherever reference is made to individuals who are not
4  named as plaintiff or defendants in this Complaint but were agents, servants,
5  employees and or supervisors of defendants, such individuals at all relevant times acted
6  on behalf of defendants within the course and scope of their employment.

7                            **FACTUAL ALLEGATIONS**

8       12.   On or about September 15, 1987, PLAINTIFF was hired by
9  DEFENDANT'S predecessor as a Roll-Off/Un-Loader Driver.   PLAINTIFF'S duties,
10  among other things, required that he drive and operate a truck, and pick up trash bins
11  and garbage.

12       13.   Throughout his 26 years of employment, PLAINTIFF competently
13  performed his job duties and was given numerous pay increases.

14       14.   As previously alleged, PLAINTIFF suffers from Type 2 diabetes.  In early
15  July 2013, PLAINTIFF became very ill due to severe pain in his legs due to his
16  uncontrolled diabetic condition.   PLAINTIFF applied for, and was given FMLA leave,
17  and was off work for approximately 2 ½ months.

18       15.   PLAINTIFF was scheduled to return to work on September 2, 2013.
19  Instead of being returned to his driving duties, WILLIAM GABRIEL required
20  PLAINTIFF to attend driver education/safety classes, which would be held over a
21  period of seven (7) days. The instructor, David Jacobs, instructed PLAINTIFF to report
22  to a location in Los Angeles, where he was to watch instructional videos.  PLAINTIFF
23  did as instructed, and attended the classes in Los Angeles the entire week of September
24  2-6, 2013.

25       16.   On September 9, 2013, PLAINTIFF was instructed to attend class at a
26  training location in Anaheim, where he viewed videos with one other person for that
27  one day.  That day, the instructor, David Jacobs, told PLAINTIFF that he could return
28  to his job the following day, and promised to call WILLIAM GABRIEL, who managed

1  the Anaheim facility, to let him know that PLAINTIFF had completed the training

2  program.

3      17.    On Tuesday, September 10, 2013, PLAINTIFF returned to work.

4  Although PLAINTIFF normally operated the truck by himself, that day, REPUBLIC

5  assigned another driver to accompany him for the day.  On the last trip of the day,

6  PLAINTIFF was involved in a minor accident when he backed into some sheets of

7  granite, resulting in some breakage.

8      18.    On September 11, 2013, PLAINTIFF had a meeting with management,

9  including WILLIAM GABRIEL, and was told to go home to relax and rest.  GABRIEL

10  commented that PLAINTIFF appeared to be "stressed out" and promised PLAINTIFF

11  that he would be paid for the remainder of the week while he was off.  GABRIEL also

12  told PLAINTIFF that REPUBLIC would call him when he could return to work.

13     19.    DEFENDANT called PLAINTIFF on October 7, 2013, instructing him to

14  report to work the following day.

15     20.    On October 8, 2013, PLAINTIFF reported to work.  Instead of allowing

16  PLAINTIFF to go on his route, GABRIEL presented PLAINTIFF with a document

17  which PLAINTIFF believed to be a warning notice that had something to do with the

18  accident PLAINTIFF had in September.  PLAINTIFF signed the notice, which was in

19  English, without understanding it, because PLAINTIFF does not read English, and was

20  immediately terminated.  PLAINTIFF later discovered that the warning was for failing

21  to complete training, even though PLAINTIFF had done so.

22     21.    On October 9, 2013, PLAINTIFF'S Union Representative told him that he

23  was terminated for not completing the safety driver training courses, which was untrue,

24  as PLAINTIFF had been told to return to his regular duties by David Jacobs following

25  the final video session in Anaheim on September 9, 2013. At no point was PLAINTIFF

26  told that he had more training sessions to do.

27     22.    PLAINTIFF is informed and believes, and thereon alleges, that GABRIEL

28  manufactured the reason for PLAINTIFF'S termination as being the failure to complete

1    the required driver safety program because a violation of a safety rule is grounds for
2    immediate termination, which, under REPUBLIC'S collective bargaining agreement
3    with its drivers, does not require progressive discipline.  Had REPUBLIC desired to
4    terminate PLAINTIFF for the minor accident he had in September, it would have had to
5    provide PLAINTIFF with three warnings prior to terminating PLAINTIFF.  However,
6    REPUBLIC and GABRIEL manufactured a false reason supporting their actions
7    because they viewed PLAINTIFF as a liability because of his diabetes, and were looking
8    for a reason to terminate PLAINTIFF and to circumvent the collective bargaining
9    agreement.

10        23.   PLAINTIFF was discriminated against, harassed and ultimately
11   terminated, for having a serious medical condition, because PLAINTIFF had taken
12   leave under the FMLA, and because REPUBLIC viewed him as a liability after he
13   returned from leave.

14        24.   PLAINTIFF has complied with the provisions of California Government
15   Code §12930 et seq. as an administrative prerequisite to filing this Complaint. On or
16   about September 29, 2014, and within one year of the date of the last discrimination,
17   PLAINTIFF filed a charge of discrimination with the California Department of Fair
18   Employment and Housing, which immediately issued the requested right to sue letter
19   (See, Attachment I).

**FIRST CAUSE OF ACTION**

**EMPLOYMENT DISCRIMINATION BASED ON DISABILITY OR**

**PERCEIVED DISABILITY - VIOLATION OF FEHA**

**(Government Code §12900 et seq.)**

**(Against REPUBLIC and DOES 1 - 25, inclusive)**

25        25.   PLAINTIFF refers to and incorporates by reference each and every
26   allegation contained in each and every paragraph above, as though fully set forth
27   herein.

28        26.   The Fair Employment and Housing Act ("FEHA") codified in Government

1    Code §12900 et seq. makes it unlawful for an employer to discriminate against an
2    employee on the basis of the employee's disability.

3         27.    DEFENDANT engaged in unlawful employment practices in violation of
4    the FEHA by terminating the PLAINTIFF on the basis of the PLAINTIFF'S disability or
5    perceived disability, and because PLAINTIFF had taken FMLA leave and attempted to
6    return to work on expiration of leave.

7         28.    PLAINTIFF is informed and believes and based thereon alleges that the
8    PLAINTIFF'S disability was a motivating factor in DEFENDANT'S decision to
9    terminate the PLAINTIFF'S employment and other discrimination against the
10   PLAINTIFF in violation of Government Code §12940(a).

11        29.    As a direct and proximate result of DEFENDANT'S above-described
12   discriminatory conduct in violation of the California Fair Employment and Housing Act
13   Government Code §12900 et seq., PLAINTIFF has suffered and will continue to suffer
14   actual damages, including lost earnings, medical costs and other employment benefits,
15   in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is
16   not yet known, which amount will be proved at the time of trial.

17        30.    As a further direct and proximate result of DEFENDANT'S above-
18   described discriminatory conduct in violation of the California Fair Employment and
19   Housing Act Government Code §12900 et seq. PLAINTIFF has suffered and will
20   continue to suffer emotional damages in a sum in excess of the jurisdictional limit of
21   this Court, the exact amount of which is not yet known, which amount will be proved at
22   the time of trial.

23        31.    In bringing this action, PLAINTIFF has been required to retain the
24   services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFF is
25   entitled to an award of attorneys' fees according to proof.

26        32.    The aforementioned acts taken toward the PLAINTIFF were taken,
27   authorized and/or ratified by DEFENDANT'S officers, directors, managerial and
28   supervisory employees who participated in the unlawful conduct as alleged above or

1 | who failed to take remedial measures after becoming aware of said unlawful acts. The

2 | aforementioned acts of DEFENDANTS were willful, oppressive, malicious and

3 | fraudulent, and were done in conscious disregard of the rights of the PLAINTIFF, in

4 | that DEFENDANT'S decision to terminate the PLAINTIFF'S employment based on the

5 | PLAINTIFF'S disability or disability as it was perceived by DEFENDANTS was done

6 | with intent to injure the PLAINTIFF and with the intent to prevent the exercise of the

7 | PLAINTIFF'S statutory rights and obligations. The PLAINTIFF is therefore entitled to

8 | punitive damages in an amount which will be proved at the time of trial.

## SECOND CAUSE OF ACTION

### INTERFERENCE WITH FAMILY MEDICAL LEAVE ACT RIGHTS

### (Against REPUBLIC and DOES 1 - 25)

12 | 33.   PLAINTIFF refers to and incorporates by reference each and every

13 | allegation contained in each and every paragraph above, as though fully set forth

14 | herein.

15 | 34.   PLAINTIFF was eligible for leave under the Family Medical Leave Act

16 | (FMLA).

17 | 35.   REPUBLIC is an employer subject to the requirements of the Family

18 | Medical Leave Act, and it had a legal duty to not interfere with PLAINTIFF'S rights

19 | under that Act.

20 | 36.   On his return to work from leave, DEFENDANT was required to return

21 | PLAINTIFF to his same or a comparable position.  DEFENDANT did not do so.

22 | 37.   DEFENDANT interfered with PLAINTIFF'S FMLA rights when it

23 | harassed him on his return to work, suspended him, then terminated him on a pretext

24 | soon after returning to work.

25 | 38.   DEFENDANT interfered with PLAINTIFF'S FMLA rights when it

26 | terminated PLAINTIFF' employment because he had taken FMLA leave for his own

27 | serious health condition.

28 | 39.   As a proximate and direct result of DEFENDANT'S violation of the FMLA,

1   PLAINTIFF suffered loss, injury and damage in an amount to be determined according
2   to proof at trial.

3       40.   In bringing this action, PLAINTIFF has been required to retain the
4   services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFF is
5   entitled to an award of attorneys' fees according to proof.

6       41.   DEFENDANT'S violation of PLAINTIFF'S FMLA rights was wanton,
7   willful, intentional, malicious, oppressive, fraudulent and betrayed a reckless disregard
8   for PLAINTIFF'S rights, thus entitling PLAINTIFF to an award of punitive damages.

9                        **THIRD CAUSE OF ACTION**
10                          **RETALIATION**
11              **(Against REPUBLIC and DOES 1 - 25, inclusive)**

12      42.   PLAINTIFF refers to and incorporates by reference each and every
13   allegation contained in each and every paragraph above, as though fully set forth
14   herein.

15      43.   During his employment, PLAINTIFF engaged in the legally protected
16   activity of requesting, and taking, FMLA leave, and attempting to return to work once
17   leave was over.

18      44.   DEFENDANT unfairly suspended, then terminated PLAINTIFF'S
19   employment on a pretext. PLAINTIFF'S protected activities were motivating factors for
20   DEFENDANT'S decision to terminate PLAINTIFF'S employment.

21      45.   As a direct and proximate result of DEFENDANT'S above-described
22   discriminatory conduct in violation of the California Fair Employment and Housing Act
23   Government Code §12900 et seq., PLAINTIFF has suffered and will continue to suffer
24   actual damages, including lost earnings and other employment benefits, in a sum in
25   excess of the jurisdictional limit of this Court, the exact amount of which is not yet
26   known, which amount will be proved at the time of trial.

27      46.   As a further direct and proximate result of DEFENDANT'S above-
28   described discriminatory conduct in violation of the California Fair Employment and

1  Housing Act, PLAINTIFF has suffered and will continue to suffer emotional damages in

2  a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not

3  yet known, which amount will be proved at the time of trial.

4      47.    In bringing this action, PLAINTIFF has been required to retain the

5  services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFF is

6  entitled to an award of attorneys' fees according to proof.

7      48.    The aforementioned acts taken toward PLAINTIFF were taken,

8  authorized and/or ratified by DEFENDANT'S officers, directors, managerial and

9  supervisory employees who participated in the unlawful conduct as alleged above or

10  who failed to take remedial measures after becoming aware of said unlawful acts. The

11  aforementioned acts of DEFENDANTS were willful, oppressive, malicious and

12  fraudulent, and were done in conscious disregard of the rights of PLAINTIFF, in that

13  DEFENDANT'S act of retaliation was done with intent to injure PLAINTIFF and with

14  the intent to prevent the exercise of PLAINTIFF'S statutory rights and obligations.

15  PLAINTIFF is therefore entitled to punitive damages in an amount which will be

16  proved at the time of trial.

17  **<u>FOURTH CAUSE OF ACTION</u>**

18  **FOR HARASSMENT BASED ON DISABILITY**

19  **(Against WILLIAM GABRIEL, REPUBLIC, and DOES 1 - 25, inclusive)**

20      49.    PLAINTIFF refers to and incorporates by reference each and every

21  allegation contained in each and every paragraph above, as though fully set forth

22  herein.

23      50.    During his employment, and following his return from leave, PLAINTIFF

24  was subjected to a pattern of harassment by WILLIAM GABRIEL, based on his

25  disability, including but not limited to verbal abuse, being required to attend unneeded

26  training courses, suspending PLAINTIFF, unfairly writing PLAINTIFF up, then

27  terminating PLAINTIFF on a pretext.

28      51.    The foregoing conduct by defendant, WILLIAM GABRIEL was based on

1   PLAINTIFF'S disability and created an intimidating and hostile work environment.

2   Such conduct constitutes illegal harassment in violation of Government code §12940 et

3   seq., and other provisions of FEHA.

4       52.     REPUBLIC is liable for said harassment by WILLIAM GABRIEL because

5   at all times relevant Defendant, WILLIAM GABRIEL worked in a supervisory,

6   managerial, or executive position.

7       53.     REPUBLIC is also independently liable, because it knew or should have

8   known, through supervisors, of the illegal harassment by all employees and failed to

9   take immediate and appropriate corrective action.  Such conduct violates Government

10  Code §12940 et seq.

11      54.     As a direct and proximate result of the above-described harassment in

12  violation of the California Fair Employment and Housing Act Government Code §12900

13  et seq., PLAINTIFF has suffered and will continue to suffer actual damages, including

14  lost earnings, and other employment benefits, in a sum in excess of the jurisdictional

15  limit of this Court, the exact amount of which is not yet known, which amount will be

16  proved at the time of trial.

17      55.     As a further direct and proximate result of the above-described

18  harassment in violation of the California Fair Employment and Housing Act

19  Government Code §12900 et seq., PLAINTIFF has suffered and will continue to severe

20  emotional distress, including depression, sleep disturbance, headaches, and other

21  symptoms, entitling his to non-economic damages in a sum in excess of the

22  jurisdictional limit of this Court, the exact amount of which is not yet known, which

23  amount will be proved at the time of trial.

24      56.     In bringing this action, PLAINTIFF has been required to retain the

25  services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFF is

26  entitled to an award of attorneys' fees according to proof.

27      57.     The aforementioned acts taken toward PLAINTIFF were taken,

28  authorized and/or ratified by DEFENDANTS officers, directors, and managerial and

1  supervisory employees who participated in the unlawful conduct as alleged above or
2  who failed to take remedial measures after becoming aware of said unlawful acts. The
3  aforementioned acts were carried out by Defendants, WILLIAM GABRIEL and
4  REPUBLIC in a malicious, willful and oppressive manner with the intent to injure and
5  damage PLAINTIFF. The aforementioned acts of Defendants, WILLIAM GABRIEL and
6  REPUBLIC were willful, oppressive, malicious and fraudulent, and were done in
7  conscious disregard of the rights of PLAINTIFF, in that the harassment due to
8  PLAINTIFF'S disability or disability as it was perceived by Defendants and race was
9  done with intent to injure PLAINTIFF and with the intent to prevent the exercise of his
10  statutory rights and obligations. PLAINTIFF is therefore entitled to punitive damages
11  in an amount which will be proved at the time of trial.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA
### (Against REPUBLIC and DOES 1 - 25, inclusive)

15  58.    PLAINTIFF incorporates by reference each and every allegation contained
16  in each and every paragraph above, as though fully set forth herein.

17  59.    DEFENDANT failed to take all reasonable steps necessary to prevent
18  discrimination in its workplace.

19  60.    DEFENDANT had inadequate policies and procedures, and failed to
20  implement or enforce the policies and procedures they did have, to prevent
21  discrimination in the workplace.

22  61.    As a legal and proximate result of DEFENDANT'S actions, PLAINTIFF
23  has suffered special and general damages in an amount to be proven at trial.

24  62.    In bringing this action, PLAINTIFF has been required to retain the
25  services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFF is
26  entitled to an award of attorneys' fees according to proof.

27  63.    The aforementioned acts taken toward PLAINTIFF were taken,
28  authorized and/or ratified by DEFENDANT'S officers, directors, managerial and

1  supervisory employees who participated in the unlawful conduct as alleged above or
2  who failed to take remedial measures after becoming aware of said unlawful acts. The
3  aforementioned acts of DEFENDANT were willful, oppressive, malicious and
4  fraudulent, and were done in conscious disregard of the rights of PLAINTIFF, in that
5  DEFENDANT'S decision to terminate PLAINTIFF'S employment based on
6  PLAINTIFF'S age, disability or disability as it was perceived by DEFENDANT was done
7  with intent to injure PLAINTIFF and with the intent to prevent the exercise of
8  PLAINTIFF'S statutory rights and obligations.   PLAINTIFF is therefore entitled to
9  punitive damages in an amount which will be proved at the time of trial.

## SIXTH CAUSE OF ACTION

### WRONGFUL DISCHARGE – BREACH OF IMPLIED CONTRACT

### (Against REPUBLIC and DOES 1 - 25, inclusive)

13    64.    PLAINTIFF refers to and incorporates by reference each and every
14  allegation contained in each and every paragraph above, as though fully set forth
15  herein.

16    65.    PLAINTIFF had an implied contract not to be terminated without cause.
17  This contract was formed in his twenty-four years of employment with REPUBLIC.

18    66.    PLAINTIFF received regular pay raises throughout his employment with
19  REPUBLIC. PLAINTIFF'S performance at all times was, and continued to be
20  outstanding. PLAINTIFF relied on the policy and procedure manual of REPUBLIC, the
21  consistent praise of his work, his favorable performance reviews, the industry practice
22  of for cause termination, and pay raises to support his belief that his contract of
23  employment included a covenant that he could not be terminated in the absence of
24  good cause.

25    67.    At all times herein relevant, PLAINTIFF continued to properly perform
26  his functions pursuant to the implied and express employment agreement throughout
27  his employment with REPUBLIC, except when prevented from performing any of said
28  functions by the actions of the management of REPUBLIC or when on medical leave.

68.  At all times relevant to this action, PLAINTIFF had been ready, willing and able to satisfactorily perform all appropriate functions imposed upon him as a consequence of his employment with REPUBLIC, and PLAINTIFF had satisfactorily performed all of his obligations.  However, notwithstanding his superior performance, REPUBLIC discharged PLAINTIFF wrongfully, in violation of the contract and its own policies and procedures.

69.  PLAINTIFF are further informed and believe, and based upon such information and belief, allege that the real reason for PLAINTIFF'S termination was, in part, his diabetic condition and in part because he had taken FMLA leave.

70.  Said actions of REPUBLIC, as set forth above, constituted a breach of the implied and express employment agreement that he would not be terminated without good cause.  The reason cited for PLAINTIFF'S termination was pretextual, and manufactured in order to circumvent DEFENDANT'S personnel policies.

71.  As a proximate and actual result of REPUBLIC'S wrongful discharge of PLAINTIFF and failure to perform in accordance with the terms of the employment agreement, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, and other employment benefits which he would have received had REPUBLIC not breached the said agreement, all to his damage in an amount which cannot be ascertained with certainty at this time since these damages are ongoing and cumulative.  PLAINTIFF is informed and believes that these damages will substantially exceed the minimum jurisdictional requirements of this court.

## SEVENTH CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against REPUBLIC and DOES 1 - 25, inclusively)

72.  PLAINTIFF refers to and incorporates by reference each and every allegation contained in each and every paragraph above, as though fully set forth herein.

73.  The aforesaid employment contract contained an implied covenant of

1  good faith and fair dealing by which DEFENDANT promised to give full cooperation to

2  PLAINTIFF and his performance under said employment contract and to refrain from

3  doing any act which would prevent or impede PLAINTIFF from performing all the

4  conditions of the contract to be performed by him, or any act that would interfere with

5  PLAINTIFF'S employment of the fruits of said contract.  Specifically, said covenant of

6  good faith and fair dealing.

7      74.    Fair dealing required DEFENDANTS to fairly, honestly and reasonably

8  perform the terms and conditions of the agreement.

9      75.    DEFENDANT breached their covenant of good faith and fair dealing with

10  PLAINTIFF by terminating PLAINTIFF. DEFENDANTS terminated PLAINTIFF

11  without good or sufficient cause, for reasons extraneous to the contract, and for the

12  purpose of frustrating PLAINTIFF'S employment and the benefits of the contract.

13      76.    As a result of DEFENDANT'S violations of said implied covenant of good

14  faith and fair dealing, PLAINTIFF has been damaged in that he has lost income, his

15  ability to perform his part of the employment agreement was impeded, he was unfairly

16  suspended and held up to ridicule, all of which combined to produce destruction or

17  impairment of PLAINTIFF'S valuable property interests, i.e., his prospect of continuing

18  future employment with DEFENDANT and receipt of continued compensation; and

19  substantial losses in earnings and other employment benefits.

**PRAYER**

Wherefore, PLAINTIFF prays for judgment as follows:

21      1.    For compensatory damages including medical costs, lost wages, earnings

23  and other employee benefits and all other sums of money, according to proof:

24      2.    For compensatory damages for mental anguish and emotional distress,

25  according to proof;

26      3.    For costs of suit;

27      4.    For prejudgment interest;

28      5.    For an award of punitive damages, according to proof;

6.    For an award of attorneys' fees, according to proof; and

7.    For such other and further relief as may be appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of all claims by jury to the extent authorized by law.

DATED:  December 31, 2014          **LAW OFFICES OF JACK PERKO**


_____
Jack Perko, Attorney for Plaintiff
David Gamez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT I

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR PHYLLIS W CHENG
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TTY 800-700-2320
www.dfeh.ca.gov

Sep 29, 2014

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 335538-128978
Right to Sue: Gamez / Republic Waste Services Of Southern California, LLC,

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair
Employment and Housing (DFEH) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The complainant
has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is
being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for
your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

1

2    **Co-Respondents:**
     Republic Services Of Southern California- Anaheim
3    William Gabriel
     2731 E. Coronado Street
4    Anaheim California 92806

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

                                      -2-
                    *Complaint – DFEH No. 335538-128978*

Date Filed: Sep 29, 2014

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 335538-128978
David Gamez, Complainant.

vs.

Republic Waste Services Of Southern California,
LLC, Respondent.
18500 N Allied Way
Phoenix,  Arizona 85054

Complainant alleges:

1. Respondent **Republic Waste Services Of Southern California, LLC,** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **Oct 08, 2013,** complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied employment, Denied family care or medical leave, Denied reinstatement, Terminated,** .  Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - including Cancer** .

3. Complainant **David Gamez** resides in the City of **Orange,** State of **California**.  If complaint includes co-respondents please see below.

Date Filed: Sep 29, 2014

DFEH 902-1

1

2  **Additional Complaint Details:**

3

Republic Waste Services of southern California, LLC, dba Republic Services of
4  Southern California- Anaheim terminated me or failed to hire me in retaliation for
claiming an injury.  Republic Waste Services of southern California, LLC, dba Republic
5  Services of Southern California- Anaheim terminated me or failed to hire me in
retaliation for having a medical condition.  Republic Waste Services of southern
6  California, LLC, dba Republic Services of Southern California- Anaheim discriminated
7  against me because of my disability in violation of FEHA. William Gabriel harassed me
because of my disability or perceived disability. Republic Waste Services of southern
8  California, LLC, dba Republic Services of Southern California- Anaheim failed to
prevent discrimination, harassment and retaliation.   Republic Waste Services of
9  southern California, LLC, dba Republic Services of Southern California- Anaheim failed
to return me back to work after my FMLA leave.
10

11

12

13

14

15

16

17

18

19

20

21

22

## VERIFICATION

I, **Jack Perko**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On Sep 29, 2014, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Aliso Vijo, CA
**Jack Perko**

-4-

*Complaint – DFEH No. 335538-128978*

Date Filed: Sep 29, 2014

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                           DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TTY 800-700-2320
www.dfeh.ca.gov

Sep 29, 2014

David Gamez
11361 Church Street
Orange California 92869

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 335538-128978
Right to Sue: Gamez / Republic Waste Services Of Southern California, LLC,

Dear David Gamez,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective Sep 29, 2014 because an immediate Right to
Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                 GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                     DIRECTOR PHYLIS W CHENG
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TTY 800-700-2320
www.dfeh.ca.gov

Enclosures

cc: Republic Services Of Southern California- Anaheim William Gabriel

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jack Perko  SBN 164529<br>Law Office of Jack Perko<br>26895 Aliso Creek Road, Suite B66<br>Aliso Viejo, CA 92656<br>TELEPHONE NO.:  (949) 390-4442    FAX NO.:  (949) 916-1039<br>ATTORNEY FOR *(Name):*  David Gamez | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**12/31/2014 at 02:44:35 PM**<br>Clerk of the Superior Court<br>By Mary M Johnson,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS:  700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE:  Santa Ana, CA 92701
BRANCH NAME:  Central Justice Center

CASE NAME:
Gamez v. Republic Waste Services of Southern California, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2014-00763908-CU-WT-CJC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | DEPT: | JUDGE:  Judge David Chaffee |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  December 31, 2014

Jack Perko
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

# Exhibit B

1  Mark G. Kisicki (CA Bar No. 150057)
2  Mark.Kisicki@ogletreedeakins.com
   Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
3  Esplanade III, Suite 800
   2415 East Camelback Road
4  Phoenix, Arizona 85016
5  Telephone:      602.778.3700
   Facsimile:      602.778.3750
6
7  Attorney for Defendant Republic Waste
   Services of Southern California, LLC

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ORANGE

10

11  DAVID GAMEZ,                          Case No. 30-2014-00763908-CU-WT-CJC

12              Plaintiff,                 *Assigned to Hon. David Chaffee*

13        vs.
                                           **REPUBLIC WASTE SERVICES OF**
14  REPUBLIC WASTE SERVICES OF             **SOUTHERN CALIFORNIA, LLC'S**
15  SOUTHERN CALIFORNIA, LLC, WILLIAM      **ANSWER TO PLAINTIFF'S**
    GABRIEL, an individual, and DOES 1-25, **COMPLAINT FOR DAMAGES**
16  inclusive,
                                           Original Complaint Filed: December 31, 2014
17              Defendants.                Trial Date: Not Set

18

19        Defendant REPUBLIC WASTE SERVICES OF SOUTHERN CALIFORNIA, LLC

20  ("Defendant") answers the Complaint filed by David Gamez as follows:[1]

21                   **GENERAL AND SPECIFIC DENIALS**

22        Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies

23  generally and specifically each and every allegation contained in the Complaint and further denies

24  that Plaintiff has sustained damages in the sum or manner alleged, or in any other sum or manner

25  whatsoever. Defendant further denies, generally and specifically, that Plaintiff is entitled to any

26  relief whatsoever.

27  _____
    [1] Defendant William Gabriel has not been served with the Complaint.
28      **REPUBLIC WASTE SERVICES OF SOUTHERN CALIFORNIA, LLC'S ANSWER TO PLAINTIFF'S**
                        **COMPLAINT FOR DAMAGES**
                     Case No. 30-2014-00763908-CU-WT-CJC

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burdens of proof and production of evidence or admitting that it carries the burden of proof as to any of the issues raised in the Complaint, Defendant asserts the following separate and independent defenses and prays for judgment as set forth below. Defendant further gives notice that it intends to rely upon such additional defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

### FIRST AFFIRMATIVE DEFENSE

1.      Defendant alleges that the Complaint, and each and every cause of action asserted therein, fails to allege facts sufficient to state a cause of action against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      The Complaint is barred, in whole or in part, because Plaintiff's conduct proximately caused his injuries.

### THIRD AFFIRMATIVE DEFENSE

3.      To the extent Plaintiff is attempting to base his claims on acts or occurrences outside of the applicable statute of limitations, Plaintiff's claims are barred, in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

4.      Defendant alleges that the Complaint, and each and every cause of action asserted therein, is barred to the extent that Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust all administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

5.      Defendant alleges, on information and belief, that Plaintiff has failed to take reasonable steps to mitigate his damages, if any. Accordingly, Plaintiff is barred from recovering any damages, or any recovery of damages must be reduced.

### SIXTH AFFIRMATIVE DEFENSE

6.      Defendant alleges, based on information and belief, that Plaintiff is barred from

2

1 | recovery in whole or in part to the extent that Defendant discovers evidence that would have
2 | resulted in his termination.

3 | ### SEVENTH AFFIRMATIVE DEFENSE

4 | 7.    Defendant alleges that Plaintiff's claims are barred by the doctrine of avoidable
5 | consequences and because Defendant exercised reasonable care to prevent and promptly correct
6 | any unlawful behavior including, but not limited to, having in place appropriate policies and
7 | procedures, and that Plaintiff unreasonably failed to take advantage of any procedures or corrective
8 | opportunity provided by Defendant or to otherwise avoid harm. Defendant further alleges that
9 | Plaintiff's reasonable use of its policies and procedures would have prevented the purported harm
10 | about which Plaintiff now complains.

11 | ### EIGHTH AFFIRMATIVE DEFENSE

12 | 8.    Defendant alleges that Plaintiff's Complaint, to the extent that it seeks punitive
13 | damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth
14 | Amendment of the United States Constitution and in Article I, Section 17 of the Constitution of the
15 | State of California and its rights to procedural due process under the Fifth and Fourteenth
16 | Amendments to the United States Constitution and under the California Constitution and, therefore,
17 | fails to state a cause of action upon which punitive damages may be awarded.

18 | ### NINTH AFFIRMATIVE DEFENSE

19 | 9.    To the extent that Plaintiff seeks punitive damages in this action, such damages are
20 | not recoverable as neither Defendant nor any of its officers, directors, or managing agents
21 | committed any alleged oppressive, fraudulent or malicious acts, authorized or ratified such an act,
22 | had advance knowledge of the unfitness, if any, of the employee or employees, if any, who
23 | allegedly committed such acts, or employed any such employee or employees with a conscious
24 | disregard of the rights or safety of others as required by California Civil Code Section 3294(b).

25 | ### TENTH AFFIRMATIVE DEFENSE

26 | 10.   Plaintiff's claims are barred because all decisions regarding his employment and the
27 | termination thereof were made for legitimate, non-discriminatory, and non-retaliatory reasons

28 |

1  and/or business purposes.

2  **ELEVENTH AFFIRMATIVE DEFENSE**

3        11.    Defendant alleges that Plaintiff's claims are barred in part because any breakdown in

4  the interactive process was due to his failure to engage in the interactive process in good faith.

5  **TWELVE AFFIRMATIVE DEFENSE**

6        12.    Plaintiff was not discharged from employment or discriminated against because of

7  any alleged attempt by Plaintiff to exercise his rights under the Family Medical Leave Act

8  ("FMLA").

9  **THIRTEENTH AFFIRMATIVE DEFENSE**

10        13.    Any alleged act or omission by Defendant that allegedly violated any provision of

11  the FMLA was made in good faith and with a reasonable belief that they were not in violation of

12  the FMLA which precludes a recovery of liquidated damages.

13  **FOURTEENTH AFFIRMATIVE DEFENSE**

14        14.    Defendant alleges that Plaintiff is barred from seeking damages for physical, mental

15  and emotional injuries allegedly suffered as a result of his employment or the termination thereof,

16  in that his sole and exclusive remedy for any such purported injuries is governed by the

17  California's Workers Compensation Act, California Labor Code §§ 3600 *et seq.*

18      WHEREFORE, Defendant prays for relief as follows:

19        1.    That Plaintiff's Complaint be dismissed in its entirety and with prejudice;

20        2.    That Plaintiff take nothing by this action and that judgment be entered against

21  Plaintiff and in favor of Defendant;

22        3.    That Defendant be awarded all costs and attorneys' fees incurred in defending this

23  action; and

24        4.    That Defendant be granted such other and further relief as the Court may deem just

25  and proper.

26  //

27  //

28

4

**REPUBLIC WASTE SERVICES OF SOUTHERN CALIFORNIA, LLC'S ANSWER TO PLAINTIFF'S**
**COMPLAINT FOR DAMAGES**
Case No. 30-2014-00763908-CU-WT-CJC

1

2   DATED:  February 18, 2015.              OGLETREE, DEAKINS, NASH, SMOAK &
                                                STEWART, P.C.

3

4

5                                     By:_____
                                     Mark G. Kisicki, Attorney for Republic

6                                        Waste Services of Southern California, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

                                                5

28 **REPUBLIC WASTE SERVICES OF SOUTHERN CALIFORNIA, LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES**
Case No. 30-2014-00763908-CU-WT-CJC

# PROOF OF SERVICE

I am a resident of, or employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to this action. My business address is: Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Esplanade III, Suite 800, 2415 East Camelback Road, Phoenix, Arizona 85016.

On February 18, 2015, I served the following document described as:

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

on the persons below as follows:

Jack Perko                                      Attorney for Plaintiff
Law Offices of Jack Perko
26895 Aliso Creek Road, Suite B66
Aliso Viejo, CA 92656

I enclosed the document in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☒    placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Phoenix, Arizona.

I declare under penalty of perjury under the laws of the State of Arizona that the above is true and correct.

Executed on February 18, 2015, at Phoenix, Arizona.

_Chilzy Wallager_

20301037.1

**REPUBLIC WASTE SERVICES OF SOUTHERN CALIFORNIA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Case No. 30-2014-00763908-CU-WT-CJC