UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 15-00294 JVS (DFMx)     Date May 5, 2015

Title David Gamez v. Republic Waste Services of Southern California LLC, et al.

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS)**    <u>**Order Denying Plaintiff's Motion to Remand**</u>

      Plaintiff David Gamez ("Gamez") moves to remand the above-titled action to the Superior Court for the State of California, County of Orange. (Docket No. 12.) Defendant Republic Waste Services of Southern California ("Republic") opposes. (Docket No. 15.) Gamez has replied. (Docket No. 16.)

      For the following reasons, the Court DENIES Gamez's motion.

I.     BACKGROUND

      Gamez is a former employee of Republic. (Mot. Remand 7-8.) On December 31, 2014, Gamez filed an action in California Superior Court, asserting claims against Republic for (1) disability discrimination, (2) interference with Family and Medical Leave Act ("FMLA") rights, (3) retaliation, (4) harassment, (5) failure to prevent discrimination, (6) breach of implied contract, and (7) breach of the covenant of good faith and fair dealing. (<u>See</u> Compl., Docket No. 1-1.)

      Republic removed the action to this Court on February 19, 2015, invoking the Court's federal question jurisdiction over Gamez's FMLA claim and supplemental jurisdiction over Gamez's state law causes of action. (Notice of Removal ¶¶ 9-10, Docket No. 1.)

      Gamez now moves to remand the action to state court because (1) there are no federal claims, (2) 29 U.S.C. § 2617(a)(2) expressly permits a plaintiff to bring a FMLA claim in state court, and (3) state law issues predominate and Gamez is not seeking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-00294 JVS (DFMx)      Date  May 5, 2015

Title  David Gamez v. Republic Waste Services of Southern California LLC, et al.

federal remedies. (Mot. Remand 2.) Gamez also requests an award of attorneys' fees and costs. (Id.)

II.  DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). For the purposes of determining removal jurisdiction based on a federal question, the Court evaluates the complaint at the time the removal petition was filed. O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1379 (9th Cir. 1998). A plaintiff may move to remand an action on the basis of lack of subject matter jurisdiction at any time and on the basis of any other defect within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

Here, Republic removed the action based on Gamez's second claim for violation of the FMLA, a federal law. (Notice of Removal ¶9; Opp'n Mot. Remand 2-3.) This Court has original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

Gamez now contends that his Complaint does not state a claim for violation of the FMLA and instead argues that it states a claim under California's Fair Housing and Employment Act ("FEHA"). (Mot. Remand 10-11.) However, to accept Gamez's interpretation, the Court would need to ignore the Complaint's characterization of his second claim as "interference with [FMLA] rights," as well as numerous supporting allegations clearly alleging Republic's violation of the FMLA. (Compl. ¶¶ 23, 34-39, 40.) In other words, Gamez's invocation of his rights under the FMLA is more than a passing reference to federal law; it is an FMLA claim.

Gamez's acknowledgment that he cannot seek punitive damages under the FMLA but may under the FEHA does not change the Court's jurisdictional analysis. (See Mot. Remand 13.) It is clear that Gamez may seek damages under the FMLA for lost compensation or other monetary losses sustained as a direct result of Republic's alleged FMLA violation. See 28 U.S.C. § 2617(a)(1).

Gamez also notes that 29 U.S.C. § 2617(a)(2) specifically permits a plaintiff to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-00294 JVS (DFMx)                    Date  May 5, 2015

Title  David Gamez v. Republic Waste Services of Southern California LLC, et al.

bring a claim for FMLA violation in state court. (Mot. Remand 11-13.) However, Gamez cites to no authority that prohibits a defendant from removing a FMLA claim to federal court when a state court has concurrent jurisdiction.

Additionally, Gamez's argument that the Court does not have jurisdiction over his state law claims is without merit. (See Mot. Remand 14-15.) Gamez's state law claims are based on the same common nucleus of operative fact as his FMLA claim, and thus the Court may exercise jurisdiction over them pursuant to 28 U.S.C. § 1367.

Finally, because the Court concludes that Republic's removal was proper, Republic had an objectively reasonable basis for removal and Gamez is not entitled to an award of attorneys' fees. See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

III. CONCLUSION

As set forth above, Gamez's motion is DENIED. The Court further finds that oral argument would not be helpful on this matter, and vacates the May 11, 2015 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

IT IS SO ORDERED.

: 00

Initials of Preparer    kjt